**In the Interest of A.M.W. and A.H.W., Minor Children.**

No. 10–05–00123–CV.

Court of Appeals of Texas, Waco.

July 12, 2006.

Nita Fanning, Law Offices of Nita Fanning, Waco, for Barbara Marie Bernard.

John W. Segrest, McLennan County Criminal District Attorney, Waco, for Texas Department of Protective & Regulatory Services.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

On May 17, 2006, we ordered that this cause be mediated. The mediator and the parties have advised us that the mediation was successful. The parties have filed a joint motion to abate this appeal to permit proceedings in the trial court (at this time, in the 74th District Court, McLennan County, Texas) so that the terms of the parties' settlement agreement can be effectuated, after which the parties request dismissal of this appeal and withdrawal of this Court's opinions. *See* TEX.R.APP. P. 42.1(a)(2)(C).

Accordingly, we abate this cause until the parties have notified us that the proceedings in the trial court have concluded. Upon this notification, this cause will be reinstated, and the parties are directed to file an appropriate motion for voluntary dismissal and for withdrawal of this Court's opinions. *See id.* If the trial court proceedings have not concluded within sixty days after the date of this order, the parties shall provide this Court with a status report of the proceedings.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring to abatement order.

Why is the majority choosing such a routine order to be published? The order

meets none of the requirements for publication (under the old rules or for more than being a memorandum decision under the new rules). But the real reason I must do this concurring opinion is because, rather than simply telling the parties that their motion pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)(C) is in part granted and taking the remainder under advisement, they are directing "the parties ... to file an appropriate motion for voluntary dismissal...." Essentially, what the majority is telling the parties is that all relief requested in their "Joint Motion to Abate the Appeal and Permit Proceedings in Trial Court," to the extent that such relief is not expressly granted, is denied. If this is not the essence of the order, we would simply advise the parties that their motion regarding dismissing the appeal and withdrawing the opinion is not being ruled on at this time. The only reason that another motion on these topics will have to be filed is because we are disposing of the pending motion in its entirety. I would not hide our ruling in a left-handed instruction to file another motion. We should make our rulings open and obvious.

With these comments, I concur in the abatement of this appeal for sixty days or until the parties have notified us that the proceedings in the trial court have concluded. I also concur in the denial of the motion to dismiss the appeal and to withdraw our opinions.